41 F.3d 1521
 96 Ed. Law Rep. 110
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James McCLENDON and Elizabeth M. McClendon, as next friends
of Kristen McClendon, a minor, Petitioners-Appellees,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellant.
 No. 93-5106.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1994.
 
 Before ARCHER, Chief Judge[1], RICH and RADER, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 The Secretary of Health and Human Services (Secretary) appeals from the judgment of the United States Court of Federal Claims, No. 90-579V (filed Jan. 29, 1993). The Court of Federal Claims[2] reversed the decision of the special master denying James and Elizabeth M. McClendon compensation under the National Childhood Vaccine Injury Act (Vaccine Act), 42 U.S.C. Secs. 300aa-1, et seq. (1988 & Supp. III 1991), for the injuries to their daughter Kristen allegedly caused by a diphtheria-pertussis-tetanus (DPT) vaccine. We affirm.
 
 DISCUSSION
 
 2
 Kristen McClendon received a DPT vaccination on October 21, 1982. The McClendons petitioned for compensation under the Vaccine Act alleging that Kristen suffered compensable injuries. In his March 8, 1991 decision, the special master denied compensation to the McClendons because they failed to prove either the existence of a table injury or the actual causation of such an injury. After reviewing the special master's decision, the Court of Federal Claims remanded the case for further consideration because the special master failed to make all of the findings of fact and conclusions of law required under 42 U.S.C. Sec. 300aa-13(a) and because the special master, without detailing his reasons, did not give credence to the testimony of the McClendons' medical expert. McClendon v. Secretary of the Dep't of Health and Human Servs., 23 Cl.Ct. 191 (1991). On remand, the special master again denied compensation on the merits. The Court of Federal Claims reversed this decision as arbitrary, capricious and contrary to law, and remanded the case for a determination of damages. McClendon v. Secretary of the Dep't of Health and Human Servs., 24 Cl.Ct. 329 (1991). The special master determined damages on remand, which the court subsequently affirmed, entering judgment on January 29, 1993. On appeal to this court the Secretary contests only the McClendons' entitlement to compensation, not the amount of compensation.
 
 
 3
 We review de novo the Court of Federal Claims' determination as to whether the special master's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Bradley v. Secretary of the Dep't of Health & Human Servs., 991 F.2d 1570, 1574 (Fed.Cir.1993); Hines v. Secretary of the Dep't of Health & Human Servs., 940 F.2d 1518, 1524 (Fed.Cir.1991).
 
 
 4
 We are convinced that the Court of Federal Claims in its thorough and comprehensive opinion carefully considered all of the facts and applicable legal standards and correctly reversed the decision of the special master under the arbitrary, capricious and not in accordance with the law standard. The court noted that the special master had "forcefully discredited ... in his initial decision and again in his remand decision," and had therefore rejected, the testimony of the government's expert, Dr. Lockhart. The special master had stated that Dr. Lockhart demonstrated "a lack of understanding" of the occurrence of seizures in infants and that she displayed a "woeful lack of understanding concerning the types of seizures experienced by infants." The court then analyzed the reasons why the special master also rejected the McClendons' expert, Dr. Geier, and concluded that it was primarily because he was not a neurologist. The court determined that this was not a reasonable basis to disregard completely Dr. Geier's probative testimony. The court therefore held that the special master's decision was arbitrary and capricious. The court convincingly explained that although Dr. Geier is not a neurologist, he is clearly an expert in the DPT vaccine and as a medical doctor is competent to interpret neurological signs and opine as to whether Kristen McClendon suffered a table injury seizure. The court therefore determined that Dr. Geier's testimony had to be given weight.
 
 
 5
 Because Dr. Lockhart's testimony was discredited and rejected completely and because Dr. Geier's testimony was properly determined to be probative, the Court of Federal Claims correctly found that the petitioners had established a prima facie table injury. The testimony of the McClendons pertaining to a table injury, corroborated by Dr. Geier, without probative rebuttal evidence by the government, is sufficient to establish a table injury under the standard of proof in section 300aa-13 of the Vaccine Act. See Bunting v. Secretary of the Dep't of Health and Human Servs., 931 F.2d 867, 873 (Fed.Cir.1991).
 
 
 6
 In view of the Court of Federal Claims' well-reasoned opinion explaining the facts and applying the law in this case, further discussion and analysis by this court essentially would be repetitious. Accordingly, we affirm the court's reversal of the special master on the basis of its opinion reported at 24 Cl.Ct. 329.
 
 
 7
 RADER, Circuit Judge, dissenting.
 
 
 8
 The Court of Federal Claims may set aside a special master's findings only if "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. Sec. 300aa-12(e)(2)(B) (1988 & Supp. V 1993). The special master receives considerable deference under this standard. "If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." Hines v. Secretary of DHHS, 940 F.2d 1518, 1528 (Fed.Cir.1991). Because the special master did nothing arbitrary, capricious, abusive, or inconsistent with the law, I must dissent from this court's blatant reweighing of the facts.
 
 
 9
 Here the special master carefully considered all the record evidence, including Dr. Geier's testimony. In particular, the special master considered evidence of Kristen McClendon's unrelated medical conditions that might have caused her symptoms. The special master also took into account that Dr. Geier has never diagnosed or treated patients having DPT related injuries; that the sole basis for Dr. Geier's DPT expertise is his review of the literature; and that Dr. Geier's knowledge of the DPT literature does not enhance his ability to diagnose Kristen's condition. The special master clearly articulated a rational basis for discounting Dr. Geier's testimony.
 
 
 10
 The special master concluded that the McClendons did not show a table injury, or that the DPT vaccine actually caused Kristen's injuries. The Court of Federal Claims impermissibly reweighed the evidence to find that the McClendons had established entitlement to compensation. See Hines, 940 F.2d at 1527. Because the special master "considered the relevant evidence of record, [drew] plausible inferences and articulated a rational basis for the decision," id. at 1528, the Court of Federal Claims erred as a matter of law by holding that the special master's decision was arbitrary and capricious. I dissent.
 
 
 
 [1]
 Chief Judge Archer assumed the position of Chief Judge on March 18, 1994
 
 
 [2]
 The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516